IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

BYRON WOOTEN,

    Plaintiff,

v.

HENRY J. MARQUEZ,

    Defendant.

                                    /

No. C 13-05061 DMR (PR)

**ORDER OF DISMISSAL WITH LEAVE TO AMEND**

      This action was opened on October 30, 2013, when the Court received from Inmate Byron Wooten a letter to the Honorable Thelton E. Henderson. On the same date, the Clerk of the Court notified Plaintiff in writing that his action was deficient in that he had not submitted his complaint on a proper complaint form and had not submitted an *in forma pauperis* ("IFP") application. The Clerk further notified him that this action would be dismissed if he did not submit a complaint on the proper form and a completed IFP application within twenty-eight days. The Clerk notified Plaintiff in writing that this matter had been assigned to the undersigned Magistrate Judge. Plaintiff thereafter filed a complaint and an IFP application. He also consented to magistrate judge jurisdiction.

      Although Plaintiff submitted his claims on a civil rights form, it is apparent that he intended to file a petition for a writ of habeas corpus because he challenges his conviction in Kern County. Accordingly, the Clerk of the Court shall reclassify this case on the docket as a habeas action. The filing fee will be $5.00.

      The civil rights form Plaintiff used does not include the information necessary to pursue a habeas action. Based on the information on the form, the Court cannot determine whether Plaintiff has exhausted his claims in the California courts before filing this action. Federal habeas petitioners are first required to exhaust state judicial remedies, either on direct appeal or through collateral proceedings, by presenting the highest state court available with a fair opportunity to rule on the merits of each and every claim they seek to raise in federal court. 28 U.S.C. § 2254(b), (c); *Rose v. Lundy*, 455 U.S. 509, 515-16 (1982); *Duckworth v. Serrano*, 454 U.S. 1, 3 (1981); *McNeeley v.*

*Arave*, 842 F.2d 230, 231 (9th Cir. 1988). The state's highest court must be given an opportunity to rule on the claims even if review is discretionary. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) (petitioner must invoke "one complete round of the State's established appellate review process"). Therefore, Plaintiff cannot present claims to this Court which he has not first raised in the highest state court available, the Supreme Court of California, usually by direct appeal or by way of a state habeas petition.

The Court cannot fairly evaluate this habeas action in its present state. Accordingly, the Court will allow Plaintiff an opportunity to file amended claims on the Court's habeas form to correct these deficiencies, if he wishes to go forward with this action as a habeas action. The failure to file a completed habeas form as directed below will result in the dismissal of this action without prejudice.

## CONCLUSION

1. The Clerk shall reclassify this case on the docket as a habeas action with a $5.00 fee.

2. Plaintiff's motion to proceed IFP is GRANTED.

3. No later than **twenty-eight (28) days** from the date of this Order, Plaintiff shall file with the Court the attached 28 U.S.C. § 2254 habeas petition form, completed in full, including the state post-conviction relief he has sought and any claims he seeks to raise in federal court. He should clearly write in the correct caption and case number for this action, C 13-05061 DMR (PR).

4. If Plaintiff fails to file a completed § 2254 habeas petition form within the twenty-eight-day deadline, the case will be dismissed for failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure. *See Link v. Wabash R.R.*, 370 U.S. 626, 633 (1962) (pursuant to Rule 41(b), a district court may on its own motion, dismiss an action for failure to prosecute or to comply with a court order); *see also Malone v. United States Postal Serv.*, 833 F.2d 128, 133 (9th Cir. 1987) (the district court should afford the litigant prior notice before dismissing for failure to prosecute).

5. The Clerk shall send Plaintiff a blank § 2254 habeas petition form.

6. This Order terminates Docket no. 12.

IT IS SO ORDERED.

Dated: February 5, 2014

DONNA M. RYU
United States Magistrate Judge