IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

BYRON WOOTEN,  　　　　　　　　　　　　　　No. C 13-05061 DMR (PR)

　　　　　Petitioner,　　　　　　　　　　　　　　**ORDER OF TRANSFER**

　v.

HENRY J. MARQUEZ,

　　　　　Respondent.
　　　　　　　　　　　　　　　　　　　　　/

　　　　　On October 30, 2013, Petitioner filed a letter with the Court in the instant case, which was opened as a *pro se* civil rights action. Dkt. 1.

　　　　　On the same day the action was filed, the Clerk of the Court sent a notice to Petitioner informing him that his action could not go forward until he filed with the Court a civil rights complaint form, completed in full. The Clerk also sent another notice directing Petitioner to either pay the filing fee or file a completed prisoner's *in forma pauperis* ("IFP") application form. The Clerk sent Petitioner a blank civil rights complaint form and an IFP application form, and informed him that he must return the completed forms within twenty-eight days or his action would be dismissed. The Clerk also notified Plaintiff in writing that this matter had been assigned to the undersigned Magistrate Judge.

　　　　　On November 14, 2013, Petitioner filed a completed civil rights complaint form. Dkt. 7.

　　　　　On January 31, 2014, Petitioner filed a completed IFP application form. Dkt. 12.

　　　　　On February 5, 2014, the Court notified Plaintiff in an Order that his case was being reclassified as a habeas action. Dkt. 13 at 2. The Court noted that it was apparent that he intended to file a petition for a writ of habeas corpus because he was challenging his conviction in Kern County. *Id.* at 1. However, the Court could not fairly evaluate Petitioner's claims in its present state. *Id.* at 2. Therefore, the Court directed Petitioner to file amended claims on a habeas corpus petition form within twenty-eight days or his action would be dismissed. *Id.*

　　　　　Petitioner has since filed a completed habeas corpus petition form, after being given an extension of time to do so. Dkt 20. Petitioner has also consented to magistrate judge jurisdiction in

this action. Dkt. 5.

Federal statute allows "the Supreme Court, any justice thereof, the district courts and any circuit judge" to grant writs of habeas corpus "within their respective jurisdictions." 28 U.S.C. § 2241(a). A federal petition for a writ of habeas corpus made by a person in custody under the judgment and sentence of a state court is properly filed in either the district of confinement or the district of conviction. *Id*. § 2241(d). Where a case is filed in the wrong venue, the district court has the discretion to transfer it to the proper federal court "in the interest of justice." *See* 28 U.S.C. § 1406(a).

Here, Petitioner challenges a conviction and sentence incurred in the Kern County Superior Court, which is in the venue of the Eastern District of California. *See* 28 U.S.C. § 84. Accordingly, that is the proper venue for this action.

Pursuant to 28 U.S.C. § 1406(a) and Habeas L.R. 2254-3(b), and in the interest of justice, the Clerk of the Court is ordered to TRANSFER this action forthwith to the United States District Court for the Eastern District of California.

All remaining motions are TERMINATED on this Court's docket as no longer pending in this district.

IT IS SO ORDERED.

Dated: June 16, 2014

DONNA M. RYU
United States Magistrate Judge